# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at PIKEVILLE

**Civil Action No. 16-66-HRW**

**EARLEY ELSWORTH HAYMAN, JR.,**                    **PLAINTIFF,**

v.              **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in October 2012, alleging disability beginning in June of 2012, due to spurs in his spine, asthma, burning in legs, stomach problems and trouble sleeping (Tr. 193). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Michele Kelley (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 52 years old at the time he alleges he became disabled. He has a high school education and has worked as a caretaker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from low back pain, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

2

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform the ability to perform a range of light work (Tr. 25). Specifically, the ALJ found that Plaintiff could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; could stand and walk for six hours in an eight-hour workday; could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; should never climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to vibration and temperature extremes and even moderate exposure to hazards .

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ did not thoroughly consider the evidence in the record. Yet, a review of the hearing decision reveals otherwise. The ALJ discussed the medical and other evidence at length and in detail.

With regard to the medical evidence, the Court notes that the record contains no opinions from medical sources. While unusual, this is not basis for remand. It is the job of the ALJ to make the legal determination of disability - not a physician. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Nor has Plaintiff set forth evidence which indicates physical impairment beyond that determined bath ALJ based upon the record. Moreover, it would appear that the ALJ gave Plaintiff the benefit of the doubt but formulating an RFC which includes the least strenuous level of work. As such, the Court finds Plaintiff's argument to be without merit.

Plaintiff also asserts that his obesity, somehow, warranted a finding of disability. As Defendant points out, this is the first time Plaintiff has stated that he is significantly impaired due to obesity. Neither his application nor his testimony contain such a statement. Regardless, Plaintiff has not presented evidence that obesity limits his work related activity beyond the

4

limitations set forth in his RFC.

Finally, Plaintiff claims that the hypothetical presented to the VE was flawed and, therefore, the VE's response cannot be considered substantial evidence which supports the ALJ's decision. However, the Court finds that the hypothetical accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 26th day of September, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge